IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACQUELINE BURGE,

    Plaintiff,

vs.

CENTURION OF FLORIDA, LLC, MHM
HEALTH PROFESSIONALS, LLC,
SIERRA BAKER, JENNIFER HAYES, and
JOSE R. RODRIQUEZ, M.D.,

    Defendants.

Case No.: 5:22-cv-00525-TPB-PRL

**DEFENDANT JOSE R. RODRIGUEZ, M.D.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT [ECF NO. 1]**

Defendant Jose R. Rodriguez, M.D. ("Dr. Rodriguez") files this Answer and Affirmative Defenses to the Complaint and state as follows:

**ANSWER**

**Introduction**

The unnumbered paragraphs in the "Introduction" section are legal arguments that violate Federal Rule of Civil Procedure 8 and 10, and they do not require a response. To the extent a response is required, denied.

**Jurisdiction and Venue**

1. Admitted the Complaint is so styled. Denied that the Centurion Defendants violated Jacqueline Burge's constitutional rights.

2. The allegations in paragraph 2 are a legal conclusion to which no response is required. To the extent a response is required, admitted this Court has jurisdiction over Plaintiff's Complaint.

3. Admitted for purposes of venue that the claims alleged in this Complaint arose in this District, otherwise denied.

4. Without knowledge, therefore denied.

## PARTIES

5. Upon information and belief, admitted.

6. Centurion of Florida, LLC ("Centurion") states that Centene Corporation, a publicly traded company, is the parent corporation of Centurion of Florida, LLC and is registered as a foreign limited liability company with the State of Florida. Otherwise, denied.

7. Centurion states that it operates pursuant to a contract with the Florida Department of Corrections to provide contractually-specified healthcare services at certain correctional institutions in Florida, including Lowell Correctional Institution. Otherwise, denied.

8. The allegation in paragraph 8 is a legal conclusion to which no response is required. To the extent a response is required, denied.

9. The allegation in paragraph 9 is a legal conclusion to which no response is required. To the extent a response is required, denied.

10. Admitted that MHM Health Professionals, LLC is a wholly-owned subsidiary of MHM Services, Inc., which is a wholly-owned subsidiary of Centene Corporation. Otherwise, denied.

11. MHM Health Professionals, LLC provides staff pursuant to Centurion of Florida, LLC's contract with the Florida Department of Corrections. Otherwise, denied.

12. The allegation in paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, denied.

13. Admitted to the extent that Dr. Rodriguez worked as a site medical director/chief health officer pursuant to Centurion's contract with the Florida Department of Correction. Otherwise, denied.

14. Without knowledge, therefore denied.

15. Admitted the Complaint is so styled.

16. The allegation in paragraph 16 is a legal conclusion to which no response is required. To the extent a response is required, without knowledge, therefore denied.

17. The allegations in this paragraph do not pertain to Dr. Rodriguez and therefore no response is required. To the extent as a response is required, without knowledge, therefore denied.

18. The allegations in this paragraph do not pertain to Dr. Rodriguez and therefore no response is required. To the extent as a response is required, without knowledge, therefore denied.

19. Admitted the Complaint is so styled.

20. The allegations in this paragraph do not pertain to Dr. Rodriguez and therefore no response is required. To the extent as a response is required, without knowledge, therefore denied.

21. The allegations in this paragraph do not pertain to Dr. Rodriguez and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

22. The allegations in this paragraph do not pertain to Dr. Rodriguez and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

23. Admitted the Complaint is so styled.

24. The allegations in this paragraph do not pertain to Dr. Rodriguez and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

25. The allegation in paragraph 25 is a legal conclusion to which no response is required. To the extent a response is required, denied.

## **RELEVANT FACTS**

26. Dr. Rodriguez states the medical records speak for themselves and deny any allegation inconsistent with or contrary to those records. Without knowledge, therefore denied.

27. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

28. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

29. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

30. Denied.

31. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

32. Denied.

33. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

34. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

35. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies allegation inconsistent with or contrary to those records.

36. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

37. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

38. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

39. Without knowledge, therefore denied.

40. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

41. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

42. Without knowledge, therefore denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Otherwise, Dr. Rodriguez denies any allegation inconsistent with or contrary to those records.

48. Admitted that Plaintiff was released from prison in or around mid-September 2022. Otherwise, denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted that Plaintiff was released from prison. Otherwise, without knowledge, therefore denied.

## COUNT I

**Violation of 42 U.S.C. § 1983-Eighth Amendment
(against Centurion and MHM Health)**

Dr. Rodriguez incorporates the responses in paragraphs 1–54.

55. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

56. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

57. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

58. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

59. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

60. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

61. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

62. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

63. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

64. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

65. The allegations in this paragraph are not directed to Dr. Rodriguez and therefore no response is required. To the extent a response is required, denied.

Dr. Rodriguez denies the allegations contained in the unnumbered Wherefore clause.

## COUNT II

### Violation of 42 U.S.C. § 1983 - Eighth Amendment
### (against Rodriguez, Baker, and Hayes)

Dr. Rodriguez incorporates the responses in paragraphs 1–65.

66. Denied.

67. Denied.

68. The allegation in a paragraph 68 is a legal conclusion to which no response is required. To the extent a response is required, denied.

69. Denied.

70. Denied.

71. The allegation in a paragraph 71 is a legal conclusion to which no response is required. To the extent a response is required, denied.

72. Admitted only to the extent that 42 U.S.C. §§ 1983 and 1988 speak for themselves. Otherwise, denied.

Dr. Rodriguez denies the allegations contained in the unnumbered Wherefore clause.

## JURY DEMAND

Dr. Rodriguez demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against Dr. Rodriguez that would rise to the level of a constitutional or statutory deprivation under the laws of the United

States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### THIRD DEFENSE

Plaintiff fails to establish Dr. Rodriguez was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish Dr. Rodriguez violated her constitutional rights.

### FOURTH DEFENSE

Dr. Rodriguez is not liable for the acts or omissions of any other person.

### FIFTH DEFENSE

Dr. Rodriguez, to the extent applicable, asserts all affirmative defenses listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

### SIXTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of her own acts and/or his failure to mitigate his damages.

### SEVENTH DEFENSE

Plaintiff cannot establish Dr. Rodriguez acted with a deliberate indifference to her serious medical needs.

## EIGHTH DEFENSE

Any purported injury to Plaintiff was not caused by Dr. Rodriguez and, instead, was caused by other factors including, but not limited to, other actors.

## NINTH DEFENSE

Dr. Rodriguez is immune under the federal doctrines of qualified immunity and sovereign immunity.

## TENTH DEFENSE

Dr. Rodriguez immune under Florida State law, including, but not limited to, Florida's sovereign immunity statute, which immunizes Dr. Rodriguez and places a cap on Plaintiff's damages.

## ELEVENTH DEFENSE

Dr. Rodriguez asserts that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## RESERVATION OF DEFENSES

Dr. Rodriguez reserves the right to affirmatively plead all other defenses and affirmative defenses available to them that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Dr. Rodriguez denies every other allegation in the Complaint that makes a claim against him. Dr. Rodriguez denies any claim or allegation that he denied Plaintiff needed medical care or that he acted with

deliberate indifference to any serious medical need of Plaintiff. Dr. Rodriguez also denies that he denied Plaintiff due process or any other right. Dr. Rodriguez further denies Plaintiff is entitled to any relief whatsoever.

                Respectfully Submitted,

*/s/ Brian A. Wahl*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue North
Birmingham, AL 35203
Tel: (205) 521-8800
Primary Email:     bwahl@bradley.com
Secondary Email:   tramsay@bradley.com

R. Craig Mayfield (FBN 429643)
Jacob B. Hanson (FBN 91453)
W. Blair Castle (FBN 1031504)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, Florida 33602
Tel: (813) 559-5500
Primary Email:     cmayfield@bradley.com
Primary Email:     jhanson@bradley.com
Primary Email:     bcastle@bradley.com
Secondary Email:   sdhayes@bradley.com
Secondary Email:   tabennett@bradley.com
***Counsel for Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, S. Baker, Jennifer Hayes, and Jose R. Rodriquez, M.D.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record.

/s/ *Brian A. Wahl*
**Counsel for Defendants Centurion of Florida, LLC, MHM Health Professionals, LLC, S. Baker, Jennifer Hayes, and Jose R. Rodriquez, M.D.**